# In the United States Court of Federal Claims

| | |
|---|---|
| ORLANDO JEFFERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-cv-302<br><br>Filed: February 28, 2025 |

**ORDER**

Plaintiff Orlando Jefferson, who is incarcerated and proceeding *pro se*, brings this case against the United States seeking $24,000,000,000,001,000,000 in damages, "to Be Retried," and to be "placed on Bond or Bail." Complaint (ECF No. 1) (Compl.) at 2.[1] On February 26, 2025, Defendant moved to dismiss this Complaint pursuant to Rule 12(b)(1), and in the alternative under Rule 12(b)(6). *See* ECF No. 6 (Motion or Mot.). As Plaintiff's frivolous claims fall outside of this Court's limited jurisdiction, Plaintiff's Complaint must be **DISMISSED** pursuant to Rules 12(b)(1), 12(h)(3), and 28 U.S.C. § 1915A.

**BACKGROUND**

On February 18, 2025, Plaintiff, who is incarcerated in a Georgia State Prison and proceeding *pro se*, filed his Complaint and an Application to Proceed *In Forma Pauperis*. *See* Compl.; ECF No. 2 (IFP Application) (stating Plaintiff is incarcerated at "Baldwin State Prison" in Georgia). Plaintiff seeks "to Be Retried," "placed on Bond or Bail," and compensatory, punitive, and nominal damages totaling over $24 quintillion. Compl. at 2. Plaintiff's Complaint includes only the relief he seeks without any statement of facts or legal claims. *Id.* at 1–2. Along

---

[1] Citations throughout this Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

with his incomplete Complaint, Plaintiff attaches multiple exhibits and a Notice of Appeal. *See* ECF No. 1-1 (Exhibits); ECF No. 1-5 (Notice of Appeal). The same day that Plaintiff filed his Complaint, the Clerk of Court received a deficient filing from Plaintiff. *See* Deficient Letter (ECF No. 8). On February 26, 2025, the undersigned received a notice of the deficient filing, and on the following day, the undersigned directed the Clerk of Court to docket the Deficient Letter. *See* Order, dated Feb. 27, 2025 (ECF No. 7); Deficient Letter.

The Exhibits include a letter dated January 24, 2025, from the Office of the Clerk of Court of the United States Court of Federal Claims in response to a "Motion for Appointment of Counsel" that Plaintiff mailed to the Clerk of this Court. ECF No. 1-1 at 7–8 (Clerk's Letter). The Clerk's Letter explained that the only way to initiate a case in this Court is to file a civil complaint.[2] *Id.* Plaintiff's Exhibits also include a "No Action / Deficiency Notice" dated March 7, 2024, from the United States Court of Appeals for the Eleventh Circuit in appeal number 24-10403-H, which notes that "no action will be taken" on Plaintiff's Motion to reinstate his appeal number "10153378-2" until he "pay[s] the filing and docketing fees to the district court." ECF No. 1-1 at 1–3 (Deficiency Notice). The Notice of Appeal attached to Plaintiff's Complaint appears to appeal

---

[2] The Court does not understand Plaintiff to be seeking legal counsel here because Plaintiff mailed his Motion for Appointment of Counsel before filing this case and did not file it with his Complaint. *See* Exhibits. Even if Plaintiff was seeking counsel, "in civil proceedings, 'the right to counsel is highly circumscribed.'" *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) (quoting *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988)). This Court lacks jurisdiction to overturn Plaintiff's conviction or mandate his retrial. *See Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Robinson v. United States*, 230 F.3d 1382 (Fed. Cir. 2000); *Donnelly v. United States*, No. 2023-1651, 2023 WL 6889032, at *2 (Fed. Cir. Oct. 19, 2023). Indeed, Plaintiff may only bring monetary claims for damages in this Court related to his imprisonment or arrest. However, no right to counsel exists in such circumstances. *Wilson v. United States*, 566 F. App'x 913, 916 (Fed. Cir. 2014) (where Plaintiff sought "monetary damages against the Government, the Claims Court did not err by denying his request for the appointment of counsel."); *see also Freeman v. United States*, No. 13-327 C, 2013 WL 12109378 (Fed. Cl. Sept. 19, 2013), *aff'd*, 568 F. App'x 892 (Fed. Cir. 2014).

this Deficiency Notice from the Eleventh Circuit. *See* Notice of Appeal (purporting to appeal "No Action / Deficiency Notice" in case 10153378-2).

Plaintiff's Deficient Letter, which the Court construes liberally as supplementing Plaintiff's Complaint, does little to clarify Plaintiff's claims. *See* Deficient Letter; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff's Deficient Letter explains that Plaintiff has filed multiple documents with the Georgia Court of Appeals and alleges that he is currently being spied upon in jail. Deficient Letter at 1. Plaintiff also attaches filings from a case he initiated in the United States District Court for the Northern District of Georgia. *Id.* at 2–6. Finally, the Deficient Letter has an attached handwritten page about the applicability of Federal Rule of Civil Procedure 81(a)(4) to habeas corpus petitions. *Id.* at 7.

On February 26, 2025, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. *See* Mot. Defendant contends that Plaintiff's Complaint should be dismissed under either Rule 12(b)(1) or 12(b)(6) because Plaintiff fails to state a claim against the United States, provide a basis for his relief, and invoke a money-mandating source of law. *Id.* at 2.

### **APPLICABLE LEGAL STANDARD**

It is well-established that this Court is not a forum for all federal claims; rather it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke jurisdiction under the Tucker Act, "a plaintiff must identify a

3

separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

"[T]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see* Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). When determining jurisdiction, such as deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although the Court liberally construes a complaint filed by a *pro se* litigant, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Erickson*, 551 U.S. at 94; *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

## DISCUSSION

Plaintiff's claims must be dismissed not only because of the astronomical damages sought, but also because Plaintiff's claims fall squarely outside of this Court's jurisdiction. The Court first addresses why Plaintiff's claims are frivolous, then turns to why the claims fall outside of this Court's limited jurisdiction. After addressing the merits, the Court addresses Plaintiff's IFP Application.

*First*, Plaintiff's case is frivolous because it seeks an unfathomable sum of money in damages. *See* Compl. at 2. Section 1915A provides that the Court "shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). When undertaking such a review, the Court is required to dismiss a claim that "is

4

frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The question of what is frivolous "is a discretionary one" left to trial courts, who "are in the best position to determine which cases fall into this category." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Generally, courts may dismiss claims as frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32–33 (internal quotations omitted). Plaintiff's demand for $24,000,000,000,001,000,000 in compensatory, punitive, and nominal damages is plainly fanciful, fantastic, and delusional. *See id.*; Compl. at 2. This amount of money is more than 226 hundred thousand times greater than the gross domestic product of the entire global economy. *See GDP*, World Bank Grp., https://data.worldbank.org/indicator/NY.GDP.MKTP.CD (last visited Feb. 28, 2025) (listing global GDP of $106.17 trillion). Indeed, other judges of this Court have found claims demanding far less money to be frivolous. *See, e.g.*, *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) (finding claim for $100 million without justification frivolous); *Akinro v. United States*, 91 Fed. Cl. 650, 658 (2010) (finding demand for trillions of dollars "rise[s] to the level of the irrational or the wholly incredible"). Further, as noted, Plaintiff fails to include any facts whatsoever in support of his relief sought. *See* Compl. at 1–2. Thus, given the fanciful sum of money requested and the lack of any facts to support his claims, Plaintiff's action is clearly baseless. *See Denton*, 504 U.S. at 32–33; *see also Jackson v. United States*, 612 F. App'x 997, 999 (Fed. Cir. 2015) (affirming dismissal of claim for "$10 billion from the United States for the use of [Plaintiff's] hurricane prevention devise" as frivolous).

*Second*, Plaintiff's claims fall outside this Court's limited jurisdiction. *See* 28 U.S.C. § 1491. As Defendant properly notes, "no matter how liberally [this Court] construes Mr. Jefferson's complaint," Plaintiff still "must articulate 'a claim founded either upon the

5

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States'" to properly invoke this Court's jurisdiction. Mot. at 2 (quoting 28 U.S.C. § 1491(a)). Indeed, Plaintiff cites no money-mandating source of law, a prerequisite to invoke this Court's jurisdiction. *Fisher*, 402 F.3d at 1172; *Roman*, 61 F.4th at 1370; *see* Compl. at 1–2.³ Thus, this Court lacks jurisdiction over Plaintiff's claims. *See Fisher*, 402 F.3d at 1172.

Finally, the Court turns to Plaintiff's IFP Application. While 28 U.S.C. § 1915 permits the Court to authorize the commencement of a suit "without prepayment of fees" under certain circumstances, Section 1915's "three strikes" rule expressly restricts an incarcerated individual's ability to proceed *in forma pauperis* if he has had three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted, unless the individual is under imminent danger of serious physical injury. 28 U.S.C. § 1915(a), (g). Plaintiff here is subject to the three

---

³ Based on the exhibits attached to Plaintiff's Complaint, it appears that Plaintiff may be attempting to appeal the Eleventh Circuit's Deficiency Notice to this Court. *See* Deficiency Notice (noting that "no action will be taken" on Plaintiff's Motion to reinstate his appeal number "10153378-2" until Plaintiff pays filing fee); Notice of Appeal (purporting to appeal "No Action / Deficiency Notice" in case 10153378-2). This Court, however, cannot "'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)).

Even if the Court could construe Plaintiff's claims as challenging his state conviction, which it does not, this Court would still lack jurisdiction as it lacks jurisdiction to review the judgments of "state and federal courts with respect to [a plaintiff's] criminal case." *Jones*, 440 F. App'x at 918; *see* Deficient Letter at 1 (referencing Plaintiff's appeals in Georgia Court of Appeals); *see also Donnelly*, 2023 WL 6889032, at *2 ("[T]he Court of Federal Claims does not have the authority to review any of the judgments of [] state and federal courts with respect to his criminal case or grant the relief requested."); *Robinson*, 230 F.3d at 1382 ("[Plaintiff] was tried and convicted in [] state court. Thus, the Court of Federal Claims lacks subject matter jurisdiction . . . ."). Plaintiff's Deficient Letter separately references the procedural rules for petitions for a writ of habeas corpus. Deficient Letter at 7. To the extent Plaintiff seeks a writ of habeas corpus here, this Court also lacks jurisdiction as "the habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus." *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002).

6

strikes bar. *See Jefferson v. Jackson Cnty. Corr. Inst.*, No. 2:23-cv-161, ECF No. 8 (N.D. Ga. Dec. 19, 2023) (noting that Plaintiff is subject to three strikes bar), *R. & R. adopted by* ECF No. 11 (N.D. Ga. Jan. 12, 2024); *Jefferson v. Georgia*, No. 1:23-CV-03765-VMC, 2023 WL 9646260, at *1 (N.D. Ga. Dec. 13, 2023) (same).[4] Further, Plaintiff's filings does not reflect that Plaintiff is under imminent threat of serious physical injury. 28 U.S.C. § 1915(g); *see generally* Compl.; Exhibits; Deficient Letter. Therefore, Plaintiff is ineligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

## CONCLUSION

This Court lacks jurisdiction over Plaintiff's claims, which are also frivolous. Accordingly, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED** and Plaintiff's claims are **DISMISSED** pursuant to Rules 12(b)(1), 12(h)(3), and 28 U.S.C. § 1915A. Further, as Plaintiff is barred from proceeding *in forma pauperis* under Section 1915(g), Plaintiff's IFP Application is **DENIED**.

This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

[4] *See also, e.g.*, *Jefferson v. Wheeler Corr. Facility*, No. 3:23-cv-55, ECF No. 29 (S.D. Ga. Nov. 14, 2023), *R. & R. adopted by* ECF No. 36 (S.D. Ga. Jan. 22, 2024); *Jefferson v. Merritt*, No. 1:23-cv-1371, ECF No. 8 (N.D. Ga. Jul. 25, 2023); *Jefferson v. State of Ga.*, No. 1:23-cv-1370, ECF No. 10 (N.D. Ga. Jul. 25, 2023); *Jefferson v. Jackson Cnty. Corr. Inst.*, No. 2:23-CV-0048-SCJ, 2023 WL 5423085, at *1 (N.D. Ga. July 18, 2023).